## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. _____

HEATHER SPAGNOLIA

      Plaintiff,

      v.

CHARTER COMMUNICATIONS, INC.,
BRIAN TRITZ, AND
SHANNON CHAPMAN

      Defendants.

---

### DEFENDANTS CHARTER COMMUNICATIONS, LLC, BRIAN TRITZ, AND SHANNON CHAPMAN'S JOINT NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and based on the factual and legal grounds set forth below, Defendant Charter Communications, LLC[1] ("Charter"), by and through its undersigned counsel, hereby removes Case No. 2021cv30902, *Heather Spagnolia v. Charter Communications, LLC, Brian Tritz, and Shannon Chapman*, an action currently pending in the District Court for the County of Arapahoe in the State of Colorado (the "Action"), to the United States District Court for the District of Colorado.

### I.    PLEADINGS, PROCESS, AND ORDERS

1.    On May 24, 2020, Plaintiff Heather Spagnolia ("Plaintiff") commenced the Action in the District Court for the County of Arapahoe in the State of Colorado and filed the complaint ("Complaint"), attached hereto as part of Exhibit A.

---

[1] Plaintiff incorrectly named "Charter Communications, Inc." in her Petition. Plaintiff was actually employed by Charter Communications, LLC.

2.      Charter first received a copy of the Summons and Complaint on June 1, 2021. Removal is thus timely pursuant to 28 U.S.C. § 1446(b)(1).

3.      In accordance with 28 U.S.C. § 1446(a), a complete copy of all process, pleadings, and orders served upon the Defendants in the Action is attached hereto as **Exhibit A**.

4.      As set forth below, this Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the procedural requirements for removal under 28 U.S.C. § 1446 are satisfied and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## II.      DIVERSITY JURISDICTION

4.      This Court has diversity jurisdiction over the Action under 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Stazick v. State Farm Mut. Auto. Ins. Co., No. 18-CV-03357-PAB, 2019 WL 494376, at *1 (D. Colo. Feb. 8, 2019)

### Citizenship

5.      Plaintiff is a citizen of the State of Colorado.  (Complaint, ¶ 5).

6.      Charter Communications, LLC, is a Delaware limited liability company with its principal place of business in Stamford, Connecticut, and with all of its membership interest owned by Charter Communications Operating, LLC.  Charter Communications Operating, LLC, is a Delaware limited liability company with its principal place of business in Stamford, Connecticut, and with all of its membership interest owned by Charter Communications, Inc. Charter Communications, Inc., is a Delaware corporation with its principal place of business in Stamford, Connecticut.  Charter is thus a citizen of Delaware and Connecticut.

### Defendants Tritz and Chapman Have Been Fraudulently Joined

7.    Defendant Brian Tritz ("Mr. Tritz") is a citizen of the State of Colorado. (Complaint, ¶ 7).  As shown below, Mr. Tritz has been fraudulently joined as a defendant in this action.

8.    Defendant Shannon Chapman ("Ms. Chapman") is a citizen of the State of Colorado.  (Complaint, ¶ 8).  As shown below, Ms. Chapman has been fraudulently joined as a defendant in this action.

9.    Because Ms. Chapman and Mr. Tritz have been fraudulently joined as defendants in this action, their joinder cannot defeat Charter's removal.  Navarrete v. Hidalgo-Mendoza, No. 20-CV-01910-CMA-STV, 2021 WL 838269, at *1 (D. Colo. Mar. 5, 2021) ("The joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal.") (internal quotation omitted).

10.    "To prove fraudulent joinder, the removing party must show either that there is no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant or outright fraud in the pleading of jurisdictional facts."  Est. of Hill v. Allstate Ins. Co., 354 F. Supp. 2d 1192, 1196 (D. Colo. 2004).  For purposes of fraudulent joinder, insufficiency of a complaint may be based on a matter of fact or a matter of law.  Id.  "In other words, if the plaintiff fails to state a cause of action against the defendant who defeats diversity, the joinder of the resident defendant is considered 'fraudulent,' and removal is proper." Navarrete, 2021 WL 838269, at *1.

### *There Is No Individual Liability for Supervisors Under the CADA.*

11.    Counts I, II, III, and IV of the Complaint purport to state claims against Charter, Ms. Chapman, and Mr. Tritz for violations of the Colorado Anti-Discrimination Act (CADA).

12.     However, the CADA does not allow for individual liability against supervisors. Clark v. DCPS, No. 18-CV-00498-MEH, 2018 WL 3329554, at *1 (D. Colo. July 6, 2018) (granting individual supervisor's motion to dismiss "[b]ecause individual supervisors are not liable under Title VII or the Colorado Anti-Discrimination Act"); Atwell v. Gabow, No. CIVA 06CV02262CMAMJW, 2009 WL 112492, at *4 n. 2 (D. Colo. Jan. 15, 2009) ("Neither Title VII nor CADA provide for personal liability of supervisors or managers.").

13.     Although Plaintiff purports to bring a claim under Colo. Rev. Stat. § 24-34-402(1)(e)—a provision of the CADA which prohibits, among other things, the aiding and abetting of unlawful discrimination—such a claim is not cognizable against the employees and agents of a corporate defendant who are acting within the scope of their employment. Judson v. Walgreens Co., No. 20-CV-00159-CMA-STV, 2021 WL 1207445, at *4 (D. Colo. Mar. 31, 2021) (dismissing plaintiff's claim under § 24-34-402(1)(e) of the CADA against supervisors of defendant corporation because Plaintiff had not alleged that either individual defendant acted outside the course and scope of their employment).

14.     The Complaint does not allege that either Ms. Chapman or Mr. Tritz were acting outside the course and scope of their employment with regard to any actions they allegedly took against her.  Nor did she allege any facts that could lead to such a conclusion.  Therefore, she cannot bring claims against Ms. Chapman and Mr. Tritz individually for violations § 24-34-402(1)(e) of the CADA.  Judson, 2021 WL 1207445, at *4.

15.     Thus, as a matter of law, Plaintiff cannot state any individual claims against Ms. Chapman and Mr. Tritz under the CADA, making their joinder to this action fraudulent and their citizenship irrelevant for purposes of diversity jurisdiction.

**Plaintiff Failed to Exhaust Administrative Remedies Against Mr. Tritz and Ms. Chapman.**

16.     Even if Plaintiff could bring claims against Ms. Chapman and Mr. Tritz individually for alleged violations of the CADA, which she cannot, she failed to exhaust her administrative remedies against them.

17.     In order to bring claims for violations of the CADA, including claims under § 24-34-402(1)(e), Plaintiff must first exhaust her administrative remedies.  Bank v. Allied Jewish Fed'n of Colorado, 4 F. Supp. 3d 1238, 1242 (D. Colo. 2013) ("The sufficiency of Plaintiff's allegations for purposes of stating a claim against [the individual defendant] under C.R.S. § 24–34–402(1)(e)(I)(III) is irrelevant, however, if she failed to exhaust her administrative remedies with respect to him."); Worrell v. Colorado Cmty. Bank, No. 10-CV-00671-ZLW-BNB, 2010 WL 2943487, at *3 (D. Colo. July 21, 2010) ("Plaintiff's fourth claim for relief alleges that Defendant Bryant violated Colo. Rev. Stat. § 24–34–402(1)(e) by aiding and abetting the Bank and the Parent Company's unfair employment practices.  In order to state a claim against Defendant Bryant under CADA, Plaintiff was required first to exhaust his administrative remedies as to such a claim.").

18.     "Colo. Rev. Stat. § 24–34–306(1)(a) requires that in order to exhaust, the complaining party must file with Colorado Civil Rights Division (CCRD) 'a verified written charge stating the name and address of the respondent alleged to have committed the discriminatory or unfair practice.'" Worrell, 2010 WL 2943487, at *3.  The filing of such a charge is a prerequisite to the filing of a civil action.  Colo. Rev. Stat. § 24–34–306(14).  Further, simply naming an individual in the particulars of a charge will not be sufficient to exhaust administrative remedies unless the particulars designate such person as a respondent.  Lasser v. Charter Commc'ns, Inc., No. 19-CV-02045-RM-MEH, 2020 WL 2309506, at *6 (D. Colo. Feb.

10, 2020) (plaintiff failed to exhaust administrative remedies against supervisor even when the supervisor was referenced multiple times in the particulars because "[t]he Charge provides no notice that Plaintiff was intending to file suit against Defendant Brown personally for employment discrimination…"); Worrell, 2010 WL 2943487, at *3 ("The Charge of Discrimination filed by Plaintiff provided no notice that Plaintiff was intending to charge [defendant] personally with employment discrimination" because the defendant was not named as a respondent in the charge even when actions taken by the defendant were discussed in the particulars); Allied Jewish Fed'n of Colorado, 4 F. Supp. 3d at 1242 ("While Plaintiff's affidavit [in support of her charge of discrimination] proceeded to reference conduct by [individual defendant], I conclude that these references are insufficient as a matter of law to put [individual defendant] on notice that Plaintiff was intending to charge him individually with discriminating against her for purposes of either C.R.S. § 24–34–402(1)(a) or 402(1)(e)(I)-(III).").

19.     Neither Ms. Chapman nor Mr. Tritz was named as a responding party in Plaintiff's charge of discrimination filed with the CCRD and the EEOC (the "Charge"). (Charge, attached hereto as **Exhibit B**). Further, the Notice of Right to Sue Plaintiff received from the CCRD refers only to Charter as respondent, and does not mention Ms. Chapman or Mr. Tritz. (Right to Sue, attached as **Exhibit C**). See Allied Jewish Fed'n of Colorado, 4 F. Supp. 3d at 1242 ("As further support for my conclusion that Plaintiff failed to exhaust her administrative remedies with respect to [individual defendant], I note that the right-to-sue letter that Plaintiff received from the Colorado Division of Civil Rights references only [corporate defendant]. Thus, Plaintiff's Charge failed to put the Division on notice that Plaintiff was charging [individual defendant], individually, with violation of the CADA."). Therefore, Plaintiff has failed to

exhaust her administrative remedies with regards to Mr. Tritz and Ms. Chapman and cannot state a claim against them, making their joinder to this suit fraudulent.

### There Is No Individual Liability for Supervisors for Wrongful Termination Under Colorado Common Law.

20.     Count V of the Complaint purports to state a claim under Colorado common law for termination in violation of public policy.  It appears from the face of the Complaint that this claim is only being brought against Charter, not Ms. Chapman or Mr. Tritz.  (Complaint, ¶ 8) ("Defendant Charter's actions are in violation of C.R.S. § 24-34-402, section 85.1(b) of the Colorado Civil Rights Commission Sex Discrimination Rules, 3 C.C.R. 708-1, and article II, section 29, of the Colorado Constitution (the equal rights amendment).").  However, for the avoidance of doubt, even if Count V were also directed against Ms. Chapman and Mr. Tritz, that claim would fail because there is no individual liability for common law claims of termination in violation of public policy in Colorado.  Clark, 2018 WL 3329554, at *3 ("[T]he CADA and Colorado common law do not create a cause of action against supervisors or managers for race discrimination in employment"); Spaziani v. Jeppesen Sanderson, Inc., No. 14-CV-03261-REB-KMT, 2015 WL 5307971, at *3 (D. Colo. Sept. 11, 2015) ("As there is no individual liability for a public policy wrongful discharge claim, Plaintiff's public policy wrongful discharge claim asserted against Defendant Villanueva is dismissed."); Ferraro v. Convercent, Inc., No. 17-CV-00781-RBJ, 2017 WL 4697499, at *3 (D. Colo. Oct. 19, 2017); Ayon v. Kent Denver Sch., No. 12-CV-2546-WJM-CBS, 2013 WL 1786978, at *8 (D. Colo. Apr. 26, 2013).

### Amount in Controversy

21.     The Complaint purports to bring five causes of action arising from Plaintiff's prior employment with Charter, including claims of discrimination, failure to accommodate, and retaliation under the CADA and wrongful termination in violation of Colorado common law.

22.     Plaintiff seeks compensatory damages for lost wages and benefits, damages for emotional distress and reputational injury, pre- and post-judgment interests, and attorneys' fees and costs, including expert witness fees.

23.     The Civil Case Cover Sheet filed on May 24, 2021, attached hereto as part of Exhibit A, indicates that Plaintiff seeks a monetary judgment more than $100,000.

24.     "The Tenth Circuit has held that a Colorado civil cover sheet is adequate notice of the amount in controversy sought by plaintiff." Stazick, 2019 WL 494376, at *1 (citing Paros Props. LLC v. Colo. Casualty Ins. Co., 835 F.3d 1264, 1272 (10th Cir. 2016)).

25.     Plaintiff thus seeks more than $75,000 in damages and relief, and the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

**III.    VENUE**

26.      Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it embraces the Arapahoe County, Colorado District Court, where the removed action has been pending.

**IV.    REQUIREMENTS OF REMOVAL HAVE BEEN MET**

27.     This Notice of Removal is timely under 28 U.S.C. § 1446, having been filed within 30 days of Charter's receipt of the Summons and Complaint and within one year of the filing of the Complaint.

28.     All Defendants are represented by the undersigned counsel and consent to the removal of this action.

29.      Removal is also proper under 28 U.S.C. § 1441(b)(2) because Charter is not a citizen of the State of Colorado and Mr. Tritz and Ms. Chapman were fraudulently joined to the Action.

30.     Pursuant to 28 U.S.C. § 1446(a) and D.C. COLO. L. Civ. R. 81.1, all papers, pleadings and indexes that have been filed or served upon Defendants in the Action, including the docket sheet, are filed with this Court as Exhibit A.  To the best of Defendant's knowledge, no further proceedings, process, pleadings, orders, or other papers have been filed or served in the Action.

31.     Charter will serve a copy of this Notice of Removal on Plaintiff's counsel and will file a copy with the Arapahoe County District Court, as required by 28 U.S.C. § 1446(d).  A copy of the Notice of Filing Notice of Removal to be filed with the Arapahoe County District Court and served upon Plaintiff's counsel is attached hereto as **Exhibit D**.

32.     If any question arises as to the propriety of the removal of this action, Charter requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, for all of the foregoing reasons, Charter respectfully requests this Honorable Court to assume full jurisdiction over this Action.

Respectfully submitted this 30th day of June, 2021.

LEWIS BRISBOIS BISGAARD & SMITH LLP
*Original signature on file at Lewis Brisbois Bisgaard &*
*Smith LLP, pursuant to C.R.C.P. 121 § 1-26*

*s/ Jon J. Olafson*
Jon J. Olafson, Atty. Reg. No. 43504
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Tel:  (303) 861.7760
Email:  Jon.Olafson@lewisbrisbois.com
*Attorney for Defendant Charter Communications, LLC,*
*Brian Tritz, and Shannon Chapman*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2021, a true and correct copy of the foregoing was served via CM/ECF system which will send notification of the filing to the following:

Peter G. Friesen
Kevin P. Ahearn
Robyn Levin
LEVIN SITCOFF PC
1512 Larimer Street, Suite 650
Denver, CO 80202
pgf@levinsitcoff.com
kpa@levinsitcoff.com
rl@levinsitcoff.com

*s/ Jon J. Olafson*
*A duly signed original is on file at the Law Offices*
*of LEWIS BRISBOIS BISGAARD & SMITH LLP*